IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JACK FOSTER OUTTEN,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Civ. Act. No. 98-785-SLR |
| | ) | |
| **RICK KEARNEY**, Warden, and | ) | |
| **M. JANE BRADY**, Attorney General | ) | |
| of the State of Delaware, | ) | |
| | ) | |
| Respondents | ) | |

**MEMORANDUM IN RESPONSE
TO APPLICATION FOR
CERTIFICATE OF APPEALABILITY**

Respondents submit the following in response to petitioner's application for a certificate of appealability (DI 122):

**Introduction**

A Superior Court jury convicted Jack Outten in February 1993 of two counts of first degree murder and several related offenses, stemming from the January 1992 robbery and killing of Wilson Mannon. After the ensuing penalty hearing, Outten was sentenced to death. On direct appeal, Outten's convictions and sentence were affirmed. *Outten v. State*, 650 A.2d 1291 (Del.), *cert. denied*, 515 U.S. 1145 (1995). Outten's subsequent motion for state post-conviction relief was denied by Superior Court in

December 1997,[1] and that decision was affirmed by the state supreme court. *Outten v. State*, 720 A.2d 547 (Del. 1998).

In December 1998, Outten filed the instant federal habeas action. DI 2. State prosecutors answered the petition in April 1999 (DI 17). Outten subsequently amended his petition three times (DI 28, 89, 103), and the court conducted an evidentiary hearing in June 2002 (DI 90, 92). After the filing of additional briefing by the parties (DI 105, 109, 111), the court denied Outten's petition in March 2004 (DI 113). The court then issued a certificate of appealability under 28 U.S.C. §2253, the order, in its entirety, reading:

> IT IS ORDERED that a certificate of appealability pursuant to 28 U.S.C. §2253(c)(2) is **granted**, the court finding that this is a capital case under 11 Del. C. §4202 [sic] and that there are ambiguities in the application of Ring v. Arizona, 536 U.S. 584 (2002), to the facts at bar.

DI 115 (boldface in original).

Outten then appealed the decision to the Third Circuit. The Court of Appeals *sua sponte* stayed proceedings in the case pending the decision by the Supreme Court in *Schriro v. Summerlin*, 124 S.Ct. 2519 (2004). In *Summerlin*, the Court held that *Ring* did not apply retroactively to cases already final on direct review. This court having specified only the *Ring* issue as grounds for the certificate of appealability, it certainly appeared that the holding in *Summerlin* effectively disposed of the issue identified in

---

[1] The Superior Court decision is not officially reported, but is available at 1997 WL 855718. A certified copy of the decision was filed with the state court records.

the certificate. In lieu of moving for summary affirmance,[2] however, prosecutors in November 2004 moved to remand the case back to the district court on the grounds that the certificate of appealability issued by the district court did not specify the issues for appeal as required by 28 U.S.C. §2253(c)(3) and Third Circuit Rules 22.2 and 111.3(c).[3] *See* DI 120 (enclosing copy of motion to remand). By order dated January 21, 2005, the Third Circuit remanded the case, the order reading in relevant part:

> Pursuant to Local Rule of Appellate Procedure 22.1(c), and to clarify which issues are before this Court, it is hereby ordered that this matter is remanded to the District Court for compliance with the requirement of 28 U.S.C. §2253(c)(3) that the certificate of appealability indicate which specific issue or issues satisfies(y) the standard of a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2), (3).

*See* DI 118. The district court then directed the parties to file submissions "identify[ing] the issues for appeal." DI 121. Outten, in a one-page letter, lists several claims that, in his view, warrant specification as appealable issues. DI 122. Under the analytical framework for applying section 2253(c), as established by the Supreme Court, however, only one of the issues advanced by Outten warrants certification for appeal.

---

[2]*See* Third Circuit Rules 27.4 (motions for summary action), 111.3(c) (authorizing summary action by court of appeals in capital case).

[3]Applying for a remand to the district court was the appropriate procedure under Third Circuit practice. *Szuchon v. Lehman*, 273 F.3d 299, 311 n.5 (3d Cir. 2001).

3

## Standard for Issuance of
## a Certificate of Appealability

Since 1908, a state prisoner seeking a writ of habeas corpus has had no absolute right to appeal a district court's denial of his petition. *See Barefoot v. Estelle*, 463 U.S. 880, 892 & n.3 (1983). Instead, a prisoner who was denied habeas relief in the district court must obtain a certificate of appealability[4] from the district court or, if the district court denies the request, from a circuit justice or judge.[5] This is a jurisdictional requirement because section 2253(c)(1) declares that unless a certificate is issued, an appeal may not be taken. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "As a result, until a COA [certificate of appealability] has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." *Miller-El*, 537 U.S. at 336; *see United States v. Cepero*, 224 F.3d 256, 261-62 (3d Cir. 2000) (en banc).

Under section 2253(c)(2), a certificate of appealability may issue only if the prisoner has made a "substantial showing of the denial of a constitutional right." The 1996 amendment to section 2253 codified the standard the Supreme Court had

---

[4]Prior to the 1996 amendment to the federal habeas statute, the certificate was known as a "certificate of probable cause." *See United States v. Cepero*, 224 F.3d 256, 259, 264 (3d Cir. 2000) (en banc).

[5]Notwithstanding the reference in section 2253(c)(1) to "a circuit justice or judge," the district court can issue the certificate. *United States v. Williams*, 158 F.3d 736, 742 n.4 (3d Cir. 1998); *United States v. Eyer*, 113 F.3d 470, 472-74 (3d Cir. 1997).

announced in *Barefoot* for the issuance of the certificate. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Cepero*, 224 F.3d at 264. Under *Barefoot*,

> "the petitioner need not show that he should prevail on the merits. . . . Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

463 U.S. at 893 n.4 (quoting cases). *See Slack*, 529 U.S. at 484 (phrasing question as whether reasonable jurists would find district court ruling to be debatable). The "determination under §2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits. . . . This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *Miller-El*, 537 U.S. at 336. But in making that assessment, the court "must be mindful of the deferential standard of review" required by section 2254(d). *Miniel v. Cockrell*, 339 F.3d 331, 336 (5th Cir. 2003). Although the court may consider the fact that the penalty is death in deciding whether to issue the certificate, "the severity of the penalty does not in itself suffice to warrant the automatic issuing of a certificate." *Barefoot*, 463 U.S. at 893. *See Frazier v. Huffman*, 343 F.3d 780, 788-89 (6th Cir. 2003) (specifically disapproving blanket grants of certificates of appealability in capital cases); *Porterfield v. Bell*, 258 F.3d 484, 486-87 (6th Cir. 2001) (vacating blanket grant of certificate in capital case and remanding case to district court). And in *Miller-El*, the Court repeated the point: "Our holding should not be misconstrued as directing that a COA always must issue. . . .

5

[I]ssuance of a COA must not be *pro forma* or a matter of course." 537 U.S. at 337. *See Cepero*, 224 F.3d at 262 ("The issuance of the certificate in the case before us is not merely an exercise of judicial gate-keeping, but rather, in the language of the Court, is 'the judicial determination of a case or controversy, reviewable on appeal to the Court of Appeals.'") (quoting cases)).

### Specificity Requirement of Section 2253(c)(3)

Prior to the 1996 amendment to section 2253, a certificate of probable cause to appeal, once issued, could not be limited to a specific issue; if the certificate was issued, then any issue in the case, otherwise properly presented in the district court, could be raised on appeal. *United States ex rel. Hickey v. Jeffes*, 571 F.2d 762, 765-66 & n.1 (3d Cir. 1978). The 1996 amendment changed that rule, requiring that any certificate of appealability "indicate which specific issue or issues satisfy the showing required by" section 2253(c)(2). 28 U.S.C. §2253(c)(3). *See Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001); *Cepero*, 224 F.3d at 270 (Rendell, J., concurring in part and dissenting in part) (noting change in procedure); *Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir. 1999) ("A plain reading of the AEDPA ineluctably leads to the conclusion that certificates of appealability are to be granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone."). Rule 22(b) of the Federal Rules of Appellate Procedure admittedly contains no reference to the provisions of section 2253(c)(3), the rule requiring only that the district judge "either issue a certificate of appealability or state

why a certificate should not issue." Fed. R. App. Pro. 22(b)(1). But the lack of any reference in Rule 22(b) to section 2253(c)(3) can hardly be viewed as eliminating the statutory provision from the books; the court must instead read the rule and the statute in a manner so as to give effect to Congress' intent in amending section 2253. And here, there can be no serious doubt that the rule and the statute can be read together to provide that if the district judge issues the certificate, the certificate must specify the issues that meet the standard, contained in section 2253(c)(2), for issuance of the certificate. If there was any doubt on the point, it surely is removed by the express provisions of Third Circuit Rule 22.2: "If the district judge issues a certificate, the judge shall state the specific issue or issues that satisfy the criteria of 28 U.S.C. §2253." Along similar lines, Third Circuit Rule 22.1(c) reads that "In a multi-issue case if the district court grants a certificate of appealability, but does not specify on which issues the certificate is granted as required by 28 U.S.C. §2253(c)(3), the clerk shall remand the case [for] specification of the issues." Death penalty cases are not exempt from the specificity requirement of section 2253(c)(3) or Third Circuit Rule 22.2: Third Circuit Rule 111.3(b), governing procedure in capital cases (Third Circuit Rule 111.1), expressly states that "If the district court grants the certificate of appealability, it shall state the issues that merit the granting of the certificate. . . ."

**Outten's Claims for Appeal**

Outten presents several claims that he asserts should be certified for appeal. Grouping the issues as the court did in its opinion (DI 113) and as prosecutors did in the brief in opposition (DI 109), prosecutors address Outten's issues *seriatim*.

**1. Investigation of mitigation evidence**.  According to Outten, his attorneys provided ineffective assistance because they did not investigate available mitigation evidence.  The state courts held that under the test announced in *Strickland v. Washington*, 466 U.S. 668 (1984), Outten's attorneys had acted reasonably and that Outten had failed to establish a reasonable likelihood that the result of the penalty hearing would have been different.  In reviewing the claim, this court held that the state courts reasonably applied Supreme Court precedent to reject Outten's claim of ineffective assistance.  *See Outten*, 720 A.2d at 552-54; DI 105 at 10-23; DI 109 at 13-20; DI 113 at 35-40.  Given the grant of review by the Supreme Court in *Rompilla v. Beard*, 355 F.3d 233 (3d Cir.), *cert. granted*, 125 S.Ct. 27 (2004), in which one of the questions involves the extent of counsel's duty to investigate mitigation evidence, respondents agree that this issue should be specified under §2253(c)(3) for appeal.[6]  *See Barefoot*, 463 U.S. at 893 n.4.  *See also Johnson v. McCotter*, 794 F.2d 1011 (5th Cir. 1986) (issuance of certificate of probable cause warranted given grant of review by Supreme Court and

---

[6]Respondents note that they have taken the opposite position with respect to the identical claim made by Outten's co-defendant, Steven Shelton.  That is because the facts in Shelton's case are entirely dissimilar to those in Outten's case or those in *Rompilla*.  *See Berry v. Phelps*, 795 F.2d 504 (5th Cir. 1986).

instant case was not so dissimilar to case before Supreme Court as to preclude possibility that Supreme Court decision could affect result in instant case).

    **2. Failure to seek severance of penalty hearing**. Outten's next complaint centers on trial counsel's decision not to move for a separate penalty hearing. *See Outten*, 720 A.2d at 555-57. The state courts held that Outten had not established that counsel's decision was objectively unreasonable or that there was a reasonable probability of a different outcome if Outten had had a separate penalty hearing. In considering the claim, this court concluded that the state courts had reasonably applied *Strickland*. DI 113 at 41-43. Resolution of Outten's application as to this claim of ineffective assistance "requires a preliminary, though not definitive consideration"[7] of the framework set out in *Strickland*. As detailed in the respondents' brief in opposition to the petition (DI 109 at 20-22), the state courts reasonably applied *Strickland*, and "mindful of the deferential standard of review. . . required by [§2254(d)]," *Miniel*, 339 F.3d at 336, this court's conclusion that the state courts reasonably applied Supreme Court precedent (i.e., *Strickland*) is not debatable. Certification of this issue, therefore, is not warranted.

    **3. Preparation of "intelligent and cohesive trial strategy."** Outten writes in his March 21 submission that counsel failed "to prepare an intelligent and cohesive trial strategy." DI 122 at ¶1(iii). Reading this statement in light of Outten's opening brief in support of the third amended petition (DI 105 at 36), it appears that Outten is actually

---

[7]*Miller-El*, 537 U.S. at 338.

writing about counsel's investigation of Christine Gibbons in order to impeach her. *See* DI 105 at 29-35.[8] The state courts held that Outten had not established that counsel's actions were objectively unreasonable or that there was a reasonable probability of a different outcome at the trial. *Outten*, 720 A.2d at 557-58. In considering the claim, after conducting its own evidentiary hearing on the point (DI 90, 92), this court concluded that the state courts had reasonably applied *Strickland*. DI 113 at 43-47. Resolution of Outten's application as to this claim of ineffective assistance "requires a preliminary, though not definitive consideration"[9] of the framework set out in *Strickland*. As detailed in the respondents' brief in opposition to the petition (DI 109 at 23-27), the state courts reasonably applied *Strickland*, and "mindful of the deferential standard of review. . . required by [§2254(d)]," *Miniel*, 339 F.3d at 336, this court's conclusion that the state courts reasonably applied Supreme Court precedent (i.e., *Strickland*) is not debatable. Certification of this issue, therefore, is not warranted.

   **4. Comment about remorse**. According to Outten, his attorney provided ineffective assistance in failing to object when the prosecutor referred in closing argument during the penalty phase to Outten's lack of remorse. This court held that Outten's counsel had provided constitutionally adequate assistance. *See* DI 113 at 47-54.

---

[8] The Sixth Amendment does not require defense counsel to develop "some grand overarching theory" in order to represent his client. *Flamer v. Delaware*, 68 F.3d 710, 729 (3d Cir. 1995). As phrased by Outten in his March 21 letter, the claim would thus fail as a matter of law under Third Circuit precedent.

[9] *Miller-El*, 537 U.S. at 338.

Resolution of Outten's application as to this claim of ineffective assistance "requires a preliminary, though not definitive consideration"[10] of the framework set out in *Strickland*. This court's conclusion that Outten did not make out a claim of ineffective assistance is not debatable, especially in light of the court's view that the scenario underlying the Third Circuit decision in *Lesko v. Lehman*, 925 F.2d 1527 (3d Cir. 1991) is not similar to the events of Outten's penalty hearing. DI 113 at 51. Given the court's clear rejection of Outten's premise that *Lesko* somehow dictates the result in his case, certification of this issue is not warranted.

    **5. Application of *Ring v. Arizona*.** Relying on *Ring v. Arizona*, 536 U.S. 584 (2002), Outten argued that his death sentence was invalid, his jury being required under *Ring* to find the statutory aggravating circumstances. DI 105 at 46-52. Relying on *Caldwell v. Mississippi*, 472 U.S. 320 (1985), Outten also complained that his jury in 1993 was never told that they would be determining the existence of a statutory aggravating circumstance during the guilt-innocence phase of the trial. DI 105 at 52-57. Respondents argued that both of Outten's arguments were foreclosed by the retroactivity doctrine of *Teague v. Lane*, 489 U.S. 288 (1989). DI 109 at 37-42. The court decided that any *Ring* error was harmless beyond a reasonable doubt; the court did not address Outten's *Caldwell* argument. DI 113 at 54-85. Outten now lists the *Ring* and *Caldwell* issues as issues the court should certify for appeal. DI 122 at ¶2.

---

[10] *Miller-El*, 537 U.S. at 338.

11

The Supreme Court, in *Schriro v. Summerlin*, 124 S.Ct. 2519 (2004), held that *Ring* is not to be applied retroactively in collateral proceedings. As a result, *Summerlin* precludes any further consideration of Outten's *Ring* claim, a point seemingly made clear by the Third Circuit in its order of January 21, 2005, remanding the case to this court. The *Ring* issue accordingly should not be certified for appeal. Along similar lines, Outten's *Caldwell* issue does not merit further consideration; as explained in respondents' brief before this court, the claim is foreclosed by the retroactivity principle of *Teague*. DI 109 at 40-42. The court should accordingly deny Outten's request to certify the *Ring* and *Caldwell* issues for appeal.

## Proceedings in Outten's Case

When the court issued the certificate of appealability in March 2004 (DI 55), the application of *Ring* to cases such as Outten's was at least debatable in light of the decision of the Ninth Circuit in *Summerlin*. Under the standard enunciated in *Barefoot*, issuance of the certificate, limited to the *Ring* question, was appropriate. But the *Ring* issue having been resolved by the Supreme Court in *Summerlin*, only Outten's first claim of ineffective assistance, based on the investigation of mitigation evidence, warrants certification for appeal. The court should accordingly report to the Third Circuit that a certificate of appealability is only warranted under §2253(c)(2) with respect to that particular issue.

Respondents' position in this regard is entirely consistent with Congress' intent in enacting §2253.  In the first instance, the State has a significant interest, repeatedly recognized by the Supreme Court, in meting out a sentence of death in a timely fashion. *See Calderon v. Thompson*, 523 U.S. 538, 556-57 (1998); *In re Blodgett*, 502 U.S. 236, 238 (1992); *McCleskey v. Zant*, 499 U.S. 467, 491 (1991).  The role of federal habeas, moreover, "is secondary and limited.  Federal courts are not forums in which to relitigate state trials.  Even less is federal habeas a means by which a defendant is entitled to delay an execution indefinitely." *Barefoot*, 463 U.S. at 887.  To that end, Congress established the requirement that the unsuccessful habeas petitioner "obtain a certificate of probable cause to appeal [now certificate of appealability] in order to prevent frivolous appeals from delaying the States' ability to impose sentences, *including death sentences*." *Barefoot*, 463 U.S. at 892 (emphasis added).  The judges of this court have in the past understood the obligation imposed by §2253 "to prevent frivolous appeals" in capital cases, refusing to issue a certificate of probable cause or of appealability in the Delaware capital cases of Steven Pennell, Kenneth DeShields, Andre Deputy, James Riley, Abdullah Hameen (Cornelius Ferguson), David Lawrie, and Brian Steckel.[11]  In light of this background of action by the judges of this court, respondents' position that Outten's case presents only one issue for appeal is hardly unseemly.

---

[11]The district court issued a certificate of appealability in the case of David Dawson, but the certificate was vacated by the Third Circuit on the motion of state prosecutors.

13

## Conclusion

Any suggestion that prosecutors are "motivated by impatience with [Outten's] constitutional claims is refuted by the record; the [nearly] 13 years of judicial proceedings in this case manifest substantial care and patience" by judges and prosecutors alike.  *Darden v. Wainwright*, 477 U.S. 168, 188 (1986) (Burger, C.J., concurring).  But "a thoughtful application of the law to the facts of the case"[12] shows that only one issue in Outten's case satisfies the statutory criterion of §2253(c)(2) for this court to certify the issue on appeal.  Outten's request that this court certify any issues for appeal should accordingly be granted in part and denied in part.

/s/ **LOREN C. MEYERS**
Loren C. Meyers
Chief of Appeals Division
Del. Bar ID 2210
loren.meyers@state.de.us


/s/ **THOMAS E. BROWN**
Thomas E. Brown
Deputy Attorney General
Del. Bar ID 3278
thomase.brown@state.de.us

Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500

April 5, 2005

---

[12]*Darden*, 477 U.S. at 188 (Burger, C.J., concurring).

# CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the United States District Court for the District of Delaware, hereby certifies that on April 5, 2005,

1. He electronically filed the attached document (Memorandum in Response to Application for Certificate of Appealability) with the Clerk of the District Court using CM/ECF which will send notification of the filing to the following registered participants:

John P. Deckers, Esq., Suite 302, 800 N. King St., Wilmington, DE 19899, johnpdeckers@aol.com.

Ricardo Palacio, Esq., Ashby & Geddes, 222 Delaware Ave., P.O. Box 1150, Wilmington, DE 19899, rpalacio@ashby-geddes.com.

/s/ **LOREN C. MEYERS**
Loren C. Meyers
Chief of Appeals Division
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar ID 2210